**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4694**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WILLIAM VANCE HELMS, JR.,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-01-17-V)

---

Submitted:  March 12, 2004          Decided:  March 30, 2004

---

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Robert J. Conrad, Jr., United States Attorney, C. Nicks Williams, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Vance Helms, Jr., appeals his conviction and sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000), and use and carry of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2000).

Helms contends that the evidence was insufficient to establish that he knowingly possessed crack cocaine. Helms also contends that the amount of cocaine he purchased was for personal use, and thus the evidence was insufficient to prove that he possessed it with intent to distribute. Finally, Helms asserts that should this court invalidate the predicate drug trafficking charge, the corresponding firearm charge should also be overturned.

The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony for the government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). Viewing

the evidence in a light most favorable to the Government, and resolving all contradictions in favor of the Government, we conclude that the evidence is sufficient to support the jury's finding that Helms in fact possessed crack cocaine with the intent to distribute. <u>Glasser</u>, 315 U.S. at 80; <u>Sun</u>, 278 F.3d at 313; <u>United States v. Fisher</u>, 912 F.2d 728, 730 (4th Cir. 1990). Accordingly, there is no basis upon which to invalidate the firearm conviction. <u>See also</u> <u>United States v. Carter</u>, 300 F.3d 415 (4th Cir. 2002) (holding that a conviction for the predicate drug offense was not required to sustain a conviction for the firearm count).

Accordingly, we affirm Helms' sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>